Richardson Drug Co. v. Plummer.

RICHARDSON DRUG COMPANY ET AL. V. ELI PLUMMER ET AL.

FILED NOVEMBER 3, 1898.   No. 8426.

Conditional Sale of Merchandise: FUTURE PURCHASES. The instrument in suit construed, and *held* to be a contract for the conditional sale of a stock of merchandise, and that a stipulation therein contained against depleting the stock while any portion of the purchase-money remained unpaid did not authorize the vendee to purchase new goods on the credit of the vendors.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Reversed.*

*John P. Maule*, for plaintiffs in error.

*A. G. Greenlee, contra.*

SULLIVAN, J.

This was an action in the district court of Lancaster county brought by the defendants in error against the

Richardson Drug Company, the Lincoln Paint & Color Company, Alice M. Teasdall, and Thomas L. Teasdall. The petition charges that the plaintiffs sold and delivered to the plaintiffs in error goods, wares, and merchandise of the value of $215.98, and that the same were received by them and for their benefit. The cause of action against the Teasdalls is stated as follows: "These plaintiffs allege for a cause of action against the said defendants Alice M. Teasdall and Thomas L. Teasdall that the said goods were sold to the other defendants by the said Alice M. Teasdall and Thomas L. Teasdall as agents, and that the said Alice M. Teasdall and Thomas L. Teasdall, for a valuable consideration, agreed orally with these plaintiffs, and in writing with the other defendants, their principals, to pay for the said goods and merchandise, and are liable to these plaintiffs for the payment of the same." The writing mentioned in the foregoing excerpt is, by averment, made a part of the petition and is here set out:

"This agreement, made and entered into by and between the Richardson Drug Company and the Lincoln Paint & Color Company, of the first part, and Thomas L. Teasdall and Alice M. Teasdall, his wife, of the second part, witnesseth, that said parties of the second part are to forthwith become the agents of the parties of the first part, and as such shall at once take possession of all the stock of drugs, chemicals, paints, oils, merchandise, and all fixtures belonging to said stock at No. 1843 O street, Lincoln, Nebraska, and shall as such agents sell such goods at retail in the ordinary course of business and pay to the parties of the first part the sum of $100 in cash for each month for the first two months, and the sum of $150 thereafter till said parties of the second part shall have paid to the said parties of the first part the total sum of two thousand dollars ($2,000) net, the monthly payments to be commenced promptly on March 15, 1892, and to be made on the 15th day of each and every month thereafter till the whole sum of two thousand dollars

shall have been paid, and said parties of the second part shall receive no compensation for their services as such agents save the net profits of said business over and in excess of the said amounts to be paid to said parties of the first part, and said parties of the second part agree and guaranty that all said profits shall be made, and all payments agreed made, without in any degree depleting said stock of goods. Said $2,000 shall be applied as follows: Sixteen hundred dollars ($1600) to the Richardson Drug Company and four hundred dollars ($400) to the Lincoln Paint & Color Company, and said monthly payments shall be made to the Richardson Drug Company and by them divided as follows: 80 per cent to be retained by said Richardson Drug Company, and 20 per cent to be turned over as paid to the Lincoln Paint & Color Company, and when the total amount of the said $2,000 shall be paid, said parties of the first part shall transfer to said parties of the second part all their right, title, and interest in and to said stock of drugs and fixtures, but until said sum of $2,000 shall have been fully paid, the title to all said property shall be and remain in said parties of the first part. When said amount of $2,000 shall have been fully paid, said parties of the first part shall release and deliver to said parties of the second part all claims and evidences of indebtedness which they now hold against them.

"Witness our hands at Lincoln, Nebraska, this 27th day of January, 1892.

"ALICE M. TEASDALL.
"THOMAS L. TEASDALL.
"RICHARDSON DRUG COMPANY,
"AMOS FIELD, *Treasurer*.
"LINCOLN PAINT & COLOR CO.,
"M. WEIL, *Treasurer*."

The answer, after denying generally the allegations of the petition not expressly admitted, proceeds as follows: "The defendants allege the truth to be that they were the owners of, and in possession of, a stock of drugs, and were

running a drug store on O street, in the city of Lincoln, Nebraska, and the defendants Teasdalls desired to purchase said stock and were unable to pay for the same, and it was finally agreed that the said companies would make to the said Teasdalls a conditional sale of said property, and for the purpose of carrying out the agreement of the parties the contract mentioned in the petition was made, and immediately on its execution the property was delivered to the defendants Teasdalls. They had no authority to purchase goods upon the credit of these defendants, and did not purchase on their credit, and the only authority they had was that contained in said contract. The plaintiffs knew all about the conditions and terms of said contract, and knew that the Teasdalls were in possession of said store by virtue thereof, and they extended the credit mentioned in their petition with this knowledge and to the Teasdalls alone." The reply is a denial of the new matter contained in the answer. Upon these pleadings the plaintiffs moved the court for judgment in their favor. The motion was sustained and judgment rendered against the plaintiffs in error for the amount claimed in the petition. As to Alice M. and Thomas L. Teasdall the cause was dismissed.

The Richardson Drug Company and the Lincoln Paint & Color Company, by this proceeding in error, challenge the correctness of the judgment against them. The judgment is manifestly erroneous and must be reversed. The contract was clearly one of conditional sale. It did not contemplate that the Teasdalls should possess an agency to purchase goods and pledge the credit of the plaintiffs in error for their payment. To hold that it did would practically nullify the stipulation against depleting the stock. Such a construction would ignore the evident intention of the parties. It would be a palpable absurdity to suppose they intended that the security of the vendors should be kept good by merchandise purchased on their credit and charged to their account. Whether the plaintiffs in error are liable by reason of having clothed the

Teasdalls with apparent authority on which the defendants in error relied in selling the goods in question does not arise on the record before us and is not decided. In view of the allegation of the answer that the Teasdalls' authority was known to the plaintiffs; that it was limited by the contract and that the credit was extended to them alone, it is perfectly plain that there was, in the pleading, no basis for the judgment pronounced against the plaintiffs in error.

REVERSED AND REMANDED.