RICHARDSON DRUG COMPANY ET AL. V. SIMON OBERFELDER.

FILED SEPTEMBER 21, 1899.   No. 8982.

Conditional Sale of Goods: FUTURE PURCHASES: AGENCY. The agreement on which this action was based *held* one of conditional sale, and not of agency; that purchases of goods made by the vendee of the contract were not, by virtue thereof, for the benefit or in behalf of the vendors. (*Richardson Drug Co. v. Teasdall*, 52 Neb. 698, 72 N. W. Rep. 1028; *Richardson Drug Co. v. Plummer*, 56 Neb. 523, 76 N. W. Rep. 1086.)

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.   *Reversed.*

*John P. Maule*, for plaintiffs in error.

*George E. Hibner*, contra.

HARRISON, C. J.

The defendant in error instituted this action in the district court of Lancaster county against the Richard-

Richardson Drug Co. v. Oberfelder.

son Drug Company, the Lincoln Paint & Color Company, Thomas L. Teasdall, and Alice M. Teasdall to recover an amount alleged to be his due on an account for goods and merchandise sold and delivered to the two last-named parties, who, it was pleaded, purchased as agents for and in behalf and for the benefit of the two stated companies. The defendants in error were given a judgment against the drug company and paint and color company, grounded on the proposition that the Teasdalls were, by an agreement entered into by them and the drug company and paint and color company prior to the purchases, the charges for which were embodied in the account in suit, constituted the agents of the companies and the purchases were for them and their benefit.

The contract to which we have referred was construed by this court in an opinion in the case of the *Richardson Drug Co. v. Teasdall,* reported in 52 Neb. 698, 72 N. W. Rep. 1028; also in the decision in the case of the *Richardson Drug Co. v. Plummer,* 56 Neb. 523, 76 N. W. Rep. 1086, and in each was determined to be one of conditional sale and not one of agency, and in the latter opinion it was stated by SULLIVAN, J., who wrote it for the court, that the agreement "did not contemplate that the Teasdalls should possess any agency to purchase goods, and pledge the credit of the plaintiffs in error for their payment." This is directly in point in the present case, and conformably to the views then expressed the judgment in the case at bar is erroneous and must be reversed.

REVERSED AND REMANDED.